UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────

DWONNA JOHNSON,

           Plaintiff,

           v.

DOHERTY BREADS, LLC and BRIAN ALOIA,

           Defendants.

**ORDER**
22-CV-03397 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff initially brought this case in federal court, asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law while they employed her. ECF No. 10. However, Defendants notified Plaintiff's counsel that her claims were subject to an arbitration agreement between the parties, and Plaintiff therefore stipulated to staying this case pending an arbitration before the American Arbitration Association, with the Court retaining jurisdiction to confirm or vacate an arbitration award if necessary. ECF No. 19. The Court so-ordered that stipulation, and Plaintiff eventually commenced her arbitration proceeding. ECF Nos. 20, 24. Despite having agreed to arbitrate in a different forum, the parties later requested to use the District's mediation program, which eventually resulted in their reaching a settlement in principle. ECF Nos. 26, 30.

    Upon receiving the parties' status report that they had reached a settlement, the Court ordered the parties "to file on or before June 22, 2023, a joint letter explaining whether they believe the Court's review and approval of their settlement terms is required pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), or if the fact that the parties have entered into a binding agreement to arbitrate Plaintiff's claims at issue in this case means that the

Court's approval is not required." ECF Order dated June 15, 2023. The Court expressly stated that "[t]he parties' joint letter shall provide legal authority for their position." *Id.* Additionally, the Court noted that, pursuant to case law established by the Second Circuit, the parties were also permitted to file "an accepted offer of judgment pursuant to Rule 68" without seeking the Court's approval. *Id.*; *see Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 402 (2d Cir. 2019) (holding that the fairness review required by *Cheeks* for stipulations of voluntary dismissal is not necessary when the parties dispose of plaintiff's claims through an offer of judgment). The parties responded to that order by filing a stipulation of voluntary dismissal, pursuant to Rule 41, and no supplemental authority demonstrating that the Court's approval of their settlement is not required. ECF No. 31.

Although the Second Circuit appears not to have addressed this issue, the consensus among district court decisions indicates that the Court must conduct a fairness review, pursuant to *Cheeks*, of FLSA claims that parties attempt voluntarily to dismiss even if those parties stayed their federal court lawsuit in favor of binding arbitration. *See, e.g.*, *Melendez v. Cosan Constr. Corp.*, No. 21-cv-7426, 2023 WL 3336549, at *2 (S.D.N.Y. May 10, 2023) ("Nothing in *Cheeks* . . . suggests that an FLSA settlement is exempt from judicial fairness review simply because it was reached while the case was stayed pending arbitration."); *Latture v. 101-109 Cafe Inc.*, No. 20-cv-2611, 2022 WL 17577865, at *2 (E.D.N.Y. Dec. 12, 2022) ("[D]istrict courts within the Circuit have split on the issue of whether *Cheeks* review is necessary when a settlement is reached during an arbitration, although the majority appear to answer that question affirmatively."); *Brittle v. Metamorphosis, LLC*, No. 20-cv-3880, 2021 WL 606244, at *2 (S.D.N.Y. Jan. 22, 2021) ("Where, as here, the parties have settled and the plaintiff has withdrawn her demand for arbitration, arbitration no longer affords a forum to ensure FLSA's

primary remedial purposes . . . ."); *Caccavelli v. Jetro Cash & Carry Enters., LLC*, No. 17-cv-7306, 2020 WL 5752104, at *3 (E.D.N.Y. Sept. 25, 2020) ("That FLSA claims are arbitrable does not undermine the Court's belief that, at least in cases where no arbitral award has been issued, the parties' settlement is subject to judicial review under *Cheeks*."). As stated above, the parties have declined to provide the Court with any authority demonstrating that it should deviate from this consensus.

For the reasons set forth above, the parties shall file on or before June 30, 2023, either: (a) a copy of their settlement agreement accompanied by a motion that permits the Court to perform the fairness review required by *Cheeks*, or (b) an accepted offer of judgment that complies with Rule 68.

SO ORDERED.

        */s/ Hector Gonzalez*
        HECTOR GONZALEZ
        United States District Judge

Dated: Brooklyn, New York
       June 23, 2023